UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES | CIVIL ACTION NO. 4-CR-60060 |
| VERSUS | JUDGE DOHERTY |
| CHRISTIE O. UDOH(02) | MAGISTRATE JUDGE HANNA |

*MEMORANDUM RULING AND ORDER*

On June 16, 2012, the United States filed an application for the issuance of a Writ of Continuing Garnishment upon the criminal judgment entered against Defendant Christie Udoh in the captioned matter. The Judgment amount was $456,439.88, against which sum $4,955.02 has been credited, leaving a total balance due of $456,339.88. On or about July 7, 2012, the United States served the Writ of Continuing Garnishment, entered against the property of Defendant Udoh, upon The Mark Condominium Association, Inc. [Rec. Doc. 234] The writ calls upon the Association/garnishee to pay 25% of the cash value of wages earned by the defendant.

On July 17, 2012, the Garnishee filed an Answer to Writ of Garnishment [Rec. Doc. 235], acknowledging that Christie Udoh (Debtor) is an employee of the Association, earning wages paid to her on a semi-monthly basis and acknowledging that the Association had reason to believe that it would be in possession of current wages of the debtor beginning July 25, 2012. The Association objected to the garnishment of those current wages, however, urging that they are exempt under Texas law.  The court was

asked to review the referenced exemption as it issues further orders. [Rec. Doc. 235, pp. 2-3]

On July 23, 2012, the United States lodged objection to the answer of the garnishee pursuant to 28 U.S.C. §3205(c)(5), seeking a hearing on the issues presented. [Rec. Doc. 236, 237] The Motion for Hearing was denied, with the court declaring its intention to decide the issues on the brief of the involved parties. [Rec. Doc. 238] Although the Order allowed for the filing of any response to the Government's objections, no further filings were made by the garnishee.

The government urges that because the judgment at issue imposes criminal restitution, it may be enforced against all property or rights to property of the person fined, except in the limited circumstances listed in 18 U.S.C. §3613(a)(1). Further, the government correctly asserts that exemptions available under 28 U.S.C. §3014 do not apply to enforcement under the Mandatory Victims Restitution Act. 18 U.S.C. §3613(a)(2), and provisions of the Federal Debt Collection Procedure Act make clear that the FDCA "shall preempt State law to the extent such law is inconsistent with a provision of this chapter." 28 U.S.C. §3003(d). Case law considering the issue has been consistent in holding that the MVRA authorizes the United States to use its civil enforcement powers to garnish a defendant's property, notwithstanding that such benefits are generally inalienable under federal and state law. *United States v. DeCay*, 620 F.3d 534, 543 (5th Cir. 2010) (finding that the United States may use its civil enforcement powers to garnish

a defendant's retirement plan benefits, notwithstanding that such benefits are generally inalienable); *United States v. Edward D. Jones & Co.*, L.P., 2011 WL 7025905, at *3, (E.D.Tx.Dec. 21, 2011) (finding an exemption from a federal criminal restitution judgment only applies when specified in 26 U.S.C. §6334[1]). *See also United States v. Salinski*, 194 F.3d 1315 (6th Cir. 1999) (holding that a federal criminal defendant cannot use state exemptions to protect his assets) and *United States v. Mitchell*, 403 U.S. 190, 205, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971) ("Th[e] language [of § 6334(c)] is specific and it is clear and there is no room in it for automatic exemption of property that happens to be exempt from state levy under state law."). The Texas law relied upon and cited by the garnishee in the Answer to Writ of Garnishment acknowledges its preemption by federal law. Texas Civ. Prac. & Rem. Code §63.004; Texas Property Code §42.001(b)(1). Further, Texas Labor Code §61.018 authorizes the withholding or diversion of employee wages on order of a court of competent jurisdiction and/or authorization by federal law. The Mark Condominium Association, Inc. has not sought to challenge the jurisdiction of this court.

Based on the foregoing, and the Court having reviewed the applicable federal and state laws referenced herein,

---

[1] 26 U.S.C. §6334 sets out the exemptions available to individual taxpayers under the IRS Code. Those exemptions are generally incorporated into the federal statute governing liens arising from criminal fines and restitution obligations. 18 U.S.C. §3613(a).

**IT IS ORDERED** that pursuant to 28 U.S.C. §3205 and 15 U.S.C. §1673(a), Garnishee The Mark Condominium Association, Inc. and its successors or assigns pay into the hands of the United States Attorney, for each and every pay period that the defendant, Christie Udoh is employed by Garnishee and its successors or assigns and is due wages, the **lesser** of: (1)  Twenty-five percent (25%) of Defendant's disposable earnings; or
(2)  All amounts of Defendant's disposable earnings in excess of thirty times the federal minimum wage, and that Garnishee and its successors or assigns continue said payments until the debt to Plaintiff is paid in full or until the Garnishee and its successors or assigns no longer has custody, possession or control of any property belonging to Defendant or until further order of this Court.

Payments to the United States Attorney under this garnishment order shall be made by Garnishee and its successors or assigns' check, no less frequently than monthly, payable to the United States Clerk of Court, and mailed to the Office of the United States Clerk, 300 Fannin Street, Suite 1167, Shreveport, LA 71101, or to such other address as Garnishee and its successors or assigns is directed in writing by the United States Attorney's Office.

Signed at Lafayette, Louisiana this 12th day of March, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge